IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DE'ANGELO HIGGS, #439322, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-01715-SMY |
| | ) |
| PEOPLE OF THE STATE OF ILLINOIS, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner De'Angelo Higgs, a pretrial detainee in the St. Clair County Jail, filed a Petition for Issuance of a Writ of Mandamus pursuant to 28 U.S.C. § 1651. Petitioner seeks "summary judgment and dismissal of all counts alleged in the indictment" in St. Clair County Case No. 21-CV-1435. This matter is now before the Court for preliminary review of the Petition pursuant to 28 U.S.C. § 1915A.[1]

## Petition for Issuance of a Writ of Mandamus

Petitioner makes the following allegations in the Petition (Doc. 1): Petitioner's criminal case was set for a hearing on his motion to dismiss on July 19, 2022 and set for jury trial on July 25, 2022. He was not transported to court for the motion to dismiss and was told it had been continued to the next day. He was not transported to court the next day nor was he notified of a continuance. On July 21, 2022, Petitioner was called to attend court via video conference and was notified the case had been continued due to his medical segregation status.[2] He objected and

---

[1] Any portion of the Petition that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

[2] Petitioner had a MRSA infection in a gunshot wound.

asked to be brought before the court to argue his motion to dismiss. The matter was reset for July 22, 2022 on the condition that jail medical personnel cleared him for court. Even though medical staff cleared him for court, he was still called to attend court via video. He again asserted his right to be present in person, and the judge called the jail and requested his presence.

Petitioner contends his rights were violated for three days in a row and that a key witness had fallen ill and might not be available for prolonged proceedings. He argues the county jail cannot affect or delay his court proceedings or his right to by present in person. He alleges there is no remedy in state court for the situation and seeks "a summary judgment ordering the Superior Court of St. Clair County Illinois to dismiss all counts of the indictment against [him] for violation of [his] constitutional rights."

## Discussion

Although the writ of mandamus has been abolished by court rule, *see* FED.R.CIV.P. 81(b), two federal statutes may be invoked to obtain a writ of mandamus: 28 U.S.C. § 1361[3] and 28 U.S.C. § 1651. Petitioner relies on § 1651, commonly known as the "All Writs Act" which permits federal courts to "issue all writs necessary or appropriate in aid of *their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a)(emphasis added). It does not however vest the Court with jurisdiction to issue writs of mandamus against state officials. *Banks v. People of Illinois*, 258 F.App'x 902 (7th Cir. 2007) (unpublished opinion). Thus, this Court lacks jurisdiction to issue the relief requested by Petitioner, and his Petition must be dismissed.

---

[3] 28 U.S.C. § 1361, establishes jurisdiction for a federal district court to compel a *federal* official or agency "to perform a duty owed to the Petitioner." By its terms, this statute does not apply to *State* officers, employees, or agencies. Thus, even if he had invoke it, it would be of no assistance to Petitioner.

### Disposition

The Petition is **DISMISSED** for failure to state a claim for relief. The dismissal, however, is without prejudice to Petitioner pursuing whatever remedies he may have in state court.

If Petitioner wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Petitioner does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of the Court is **DIRECTED** to enter final judgment and close this case.

**IT IS SO ORDERED.**

DATED: October 18, 2022

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**